902 F.2d 1567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barbara WEBB; Patty Stanley; Jessie Stiltner; Vivian
Latney, individually and on behalf of all others
similarly situated; Suzanne Basham;
Judy Steele, Plaintiffs-Appellants,
v.
Bruce U. KOZLOWSKI, Director, Virginia Department of Medical
Assistance Services; Larry D. Jackson, Commissioner of
Virginia Department of Social Services; Louis W. Sullivan,
Secretary of Health and Human Services, Defendants-Appellees.
 No. 87-2186.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1988.
Decided April 24, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-85-0097-B)
 Martin Douglas Wegbreit (Client Centered Legal Services; Jill Hanken, Virginia Poverty Law Center; Bill Botts, Rappahannock Legal Services, on brief), for appellants.
 Pamela Malone Reed, Assistant Attorney General (Mary Sue Terry, Attorney General, Roger L. Chaffe, Senior Assistant Attorney General, Virginia R. Manhard, Assistant Attorney General; Beverly Dennis, III, Chief Counsel, Javier Arrastia, Assistant Regional Counsel, Department of Health and Human Services; John B. Alderman, United States Attorney, on brief), for appellees.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and MALCOLM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Barbara Webb, Patty Stanley, Jessie Stiltner, and Vivian Latney jointly appeal the district court's denial of certification and dismissal as moot of their proposed class action. They challenged, under 42 U.S.C. Sec. 1983, the Commonwealth of Virginia's denial of Medicaid benefits to persons whose eligibility is contingent upon their eligibility for federal Aid to Families with Dependent Children ("AFDC") and who have lost their AFDC because of the receipt of a lump sum of income (the "lump sum rule"). See 42 U.S.C. Sec. 602(a)(17)(A). Suzanne Basham and Judy Steele appeal the district court's refusal to allow them to intervene on behalf of the proposed class.
 
 
 2
 After oral argument, we stayed disposition of this case pending the outcome of Proffit v. Sorrell, No. 88-3167 (4th Cir. March 28, 1990). Counsel for appellants, who was also counsel for the appellants in Proffit, candidly admitted that the substantive claim in Proffit was identical to the substantive claim in this case and that our decision in Proffit would squarely control the merits of this case. Further, appellants' brief makes clear that the only difference between the two cases is that the proposed class here extends back in time to May 15, 1983, while the Proffit class only reached back to February 3, 1986.
 
 
 3
 This Court recently decided Proffit and held that Medicaid benefits for persons whose eligibility is contingent upon their eligibility for AFDC is properly governed by the lump sum rule. This holding has thus rendered appellants' procedural issues moot and makes clear that any further proceedings on the merits would be pointless. Consequently, in the interests of judicial economy, we affirm the dismissal of this action on the basis of Proffit.
 
 
 4
 AFFIRMED.